IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEVIN LUTEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 17–02723–JMC |
| R&M PERFORMANCE, INC. *et al*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Kevin Luten ("Plaintiff") brought suit against Defendants R&M Performance, Inc., R&M Performance, LLC, and Russell Hutchins, Jr. (collectively, the "Defendants") for breach of contract, negligent misrepresentation, and violations of the Maryland Consumer Protection Act. (ECF No. 1). The parties consented to proceed before a magistrate judge for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302. (ECF No. 18). Currently pending before this Court is Plaintiff's Motion for Partial Summary Judgment for Immediate Specific Performance. (ECF No. 6). In considering Plaintiff's Motion, the Court has also reviewed Defendants' Opposition to the Motion for Partial Summary Judgment and Plaintiff's Reply thereto. (ECF Nos. 11, 13). No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Plaintiff's Motion for Partial Summary Judgment for Immediate Specific Performance is DENIED.

**I.    BACKGROUND**

In May of 2010, Plaintiff Kevin Luten entered into an agreement with Defendant R&M Performance, owned by Defendants Russell Hutchins, Jr., for services related to the restoration of his 1975 Ford F-150 Ranger pick-up truck. Over the next six years, Plaintiff returned to

Defendant for additional restorative work on the pick-up truck as he obtained the funds to pay for the ongoing restoration. After some e-mail discussion between the parties in July and August of 2016, Plaintiff and Defendant agreed that Plaintiff would pay Defendant $15,000 for the completion of all remaining work on the pick-up truck by September 23, 2016. However, the remaining work was not completed by that deadline. Defendant attributes this failure to the loss of a particularly skilled employee (Brian Romine) and Plaintiff's own failure to provide necessary parts for the restoration. Defendant also claims that Plaintiff was informed of the loss of the employee and actually approved the extension of time necessary to complete the work.

Plaintiff and Defendant were apparently scheduled to have a status call on June 12, 2017 to discuss progress in the truck restoration. Plaintiff alleges that Defendant did not call him as scheduled and also failed to answer Plaintiff's follow-up calls over the next three days. Defendant asserts that he was unresponsive due to a hospitalization. Plaintiff then posted negative and allegedly derogatory reviews about Defendant on social media. Upon learning of these reviews, Defendant requested that Plaintiff remove his vehicle and remaining miscellaneous parts from Defendant's premises.

## II. DISCUSSION

Plaintiff seeks partial summary judgment on the grounds that a contract was formed between Plaintiff and Defendant, Defendant breached that contract, and specific performance of the contract is the appropriate remedy. Plaintiff asserts that the "Court should grant partial summary judgment granting specific performance of the contract, because [he] and [Defendants] agreed to a scope of work that was clearly defined and the work was to be completed on [Defendants'] property in the interest of [Plaintiff]." (ECF No. 6, Pl.'s Mot. for Partial Summ. J. at 4). The Court will first address whether the requirements for summary judgment have been

met by Plaintiff, and will then proceed to address specific performance as the appropriate remedy.

### A. Dispute of Material Fact Precludes Partial Summary Judgment

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden "to demonstrate the absence of any genuine dispute of material fact." *Jones v. Hoffberger Moving Servs. LLC*, 92 F.Supp.3d 405, 409 (D. Md. 2015) (internal citations omitted). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F.Supp.35 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party, *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)), but must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F.Supp.2d 792, 799–800 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

In his Motion for Partial Summary Judgment for Immediate Specific Performance, Plaintiff asserts that "[t]he undisputed evidence shows that R&M entered into a contract to complete the work set forth in the August 1, 2016 agreement by September 23, 2016, but failed to do so."

3

(ECF No. 6, Pl.'s Mot. for Partial Summ. J. at 4). Plaintiff further contends that "[t]hese facts establish the existence of a contract and breach so the only question is remedy." *Id.* The evidence, however, is far from "undisputed." A dispute of material fact exists in this case as to the alleged breach of contract by Defendants. In its Response to Plaintiff's motion, Defendants seem to concede the existence of a contract between Plaintiff and Defendant, but claim that Plaintiff is actually responsible and at fault for the delay in completing the restoration work on the truck under the contract.

Specifically, part of the agreement between the parties made Plaintiff responsible for the purchase and provision of certain parts for the pickup that Defendants were then to utilize and install in the truck as part of the restoration. Defendants assert that Plaintiff has not provided parts necessary for the completion of the restoration work: "Additional parts will be necessary to complete the restoration. For example, wheels and tires have not been supplied by [Plaintiff], even though [he] had indicated in his email of July 25, 2016 that he would buy these soon and ship them. The vehicle cannot be completed, in part, as [Plaintiff] has not purchased and supplied all of the parts that he has indicated he would be responsible for." (ECF No. 11, Def.'s Resp. to Pl.'s Mot. at 2). This assertion is supported by testimony in Defendant Russell Hutchins, Jr.'s affidavit, attached to Defendants' Response. (ECF No. 11-1, Hutchins Aff.).

In addition, Defendants also claim that Plaintiff was advised of the loss of the especially skilled employee whose work was necessary for the completion of the restoration of Plaintiff's truck, and that Plaintiff approved of the extension of time that the restoration would thus require. *Id.* ("[Plaintiff] was advised of the loss of Mr. Romine and that the truck would take longer than anticipated. In talking with [Plaintiff], he was okay with the job taking longer than expected under the circumstances."). Thus, a dispute of material fact exists as to whether a breach of

4

contract occurred and, if the breach did occur, whether the contract breach is the fault of Plaintiff or Defendants. These issues are to be left to the members of the jury to decide, and preclude a grant of summary judgment in Plaintiff's favor.

### B. Availability of Specific Performance of a Personal Service Contract as Remedy

Even assuming that there is no dispute of material fact that would preclude partial summary judgment, specific performance is not an appropriate remedy in this case. The Maryland Court of Appeals has explained that "[s]pecific performance of a contract is a matter of sound judicial discretion controlled by established principles of equity." *Data Consultants, Inc. v. Traywick*, 593 F.Supp. 447, 453 (D. Md. 1983) (citing *Offutt v. Offutt*, 106 Md. 236 (1907)). In considering whether to grant specific performance as relief, courts consider "all of the circumstances of the particular case in the light of equitable principles." *Id.*; *see also Namleb Corp. v. Garrett*, 149 Md.App. 163, 174 (2002) ("Specific performance may be granted in an appropriate case on the basis of the strength of the circumstances and equities of each party."). As an initial matter, however, "the plaintiff must [first] prove the existence of an agreement between the parties and a breach of that agreement by the defendant" before specific performance can be awarded as remedy. *Traywick*, 593 F.Supp at 453.

As discussed above, Plaintiff here has failed to prove that a breach of the agreement between Plaintiff and Defendants occurred and that such a breach was the fault of Defendants. Furthermore, the Court remains unconvinced that specific performance is the appropriate remedy for breach of a contract to restore an automobile which, in the Court's view, is analogous to a personal service contract. Plaintiff cites to various Maryland Court of Appeals and Court of Special Appeals decisions as support for his contention that specific performance of an automobile restoration contract is available as an appropriate remedy when a contract breach

occurs. *See Yaffe v. Scarlett Place Residential Condominium, Inc.*, 205 Md. App. 429 (2012) (finding "the [trial] court did not abuse its discretion because there is simply no reason given in the record to require the equitable remedy of specific performance"); *Chestnut Real Estate P'ship v. Huber*, 148 Md. App. 190 (2002) (examining specific performance as remedy only for the purposes of rendering a decision on a requested injunction); *Fran Realty, Inc. v. Thomas*, 30 Md. App. 362 (1976) (allowing for specific performance when the home construction company stopped work due to the difficulty of sub-surface conditions at the building sites); *Brummel v. Clifton Realty Co.*, 146 Md. 56 (1924) (remanding the case after determining that courts of equity *may* compel specific performance as remedy for contract breach).

In doing so, Plaintiff attempts to draw a comparison between building contracts and automobile restoration contracts to allow for the provision of specific performance as remedy in this case, but even that comparison fails. Even if such an analogy were appropriate, Maryland's appellate courts have noted "the great difficulty and often impossibility attending a judicial superintendence and execution of the performance.'" *Yaffe*, 205 Md.App. at 454 (quoting *Fran Realty, Inc. v. Thomas*, 30 Md.App. 362, 366 (1976)). In the Court's view, the more apt analogy is to a personal services contract, where courts have explicitly stated that specific performance is *unavailable* as a remedy. *See* Restatement (Second) of Contracts § 367 (1981) ("A promise to render personal service will not be specifically enforced."); *UBA, LLC v. Thyssenkrupp Elevator Corp.*, No. 5:15–cv–477–FL, 2017 WL 544586, *6 (E.D.N.C. Feb. 9, 2017) (citing the "existence of a policy against specific enforcement of personal services contracts" in regards to a dispute over repair of an elevator); *Bromberg v. Eugenotto Const. Co.*, 158 Ala. 323, 325 (1908) ("There is a class of special and exceptional contracts in which courts of equity refuse to exercise jurisdiction by way of specific performance. These are contracts having such terms and

provisions that the court could not carry into effect its decree without some personal supervision and oversight over the work to be done, extending over a considerable period of time, such as agreements to repair or build.") (internal citations omitted). Finally, even if the Court were to find that specific performance was an available remedy, the balance of equities in this case dictates that specific performance is inappropriate, considering the complete deterioration of and the current tension in the relationship between the parties.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment for Immediate Specific Performance is DENIED. A separate Order shall follow.

Dated: December 20, 2017                              /s/
                                        J. Mark Coulson
                                        United States Magistrate Judge